UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VICTOR DAVID SOTO RODRIGUEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-12049-IT |
| | * | |
| ANTONE MONIZ, Superintendent, Plymouth | * | |
| Correctional Facility, et al. | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER
June 4, 2026

TALWANI, D.J.

Petitioner Victor David Soto Rodriguez is a national and citizen of the Dominican

Republic and entered the United States approximately in 2023. Pet. ¶¶ 17, 45 [Doc. No. 1]. On

May 1, 2026, Petitioner was arrested and charged in Chelsea District Court with Assault on a

Family/Household Member, Mass. Gen. Laws ch. 265, § 13M; Breaking and Entering at Night,

ch. 266, § 16; and Malicious Destruction of Property over $1,200, ch. 266, § 127. See Resp., Ex.

3 at 1–2 [Doc. No. 6-3]. That same day, Petitioner pleaded "Not Guilty" to all charges and was

released on his own personal recognizance. Id. at 2. Later that day, Immigration and Customs

Enforcement ("ICE") agents served Petitioner with a Notice to Appear and arrested him,

transferring him to Plymouth County Correctional Facility, in Plymouth, Massachusetts, where

he is presently detained. See Resp., Ex. 1 at 1 [Doc. No. 6-1]; Resp. 3 [Doc. No. 6].

Respondents argue, inter alia,[1] that Petitioner is detained pursuant to the Department of

Homeland Security's ("DHS") authority under 8 U.S.C. § 1226(c). See Resp. 3 [Doc. No. 6].

---

[1] Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass 2025)]" Resp. at 3 [Doc. No. 6]. Respondents thus acknowledge that, "[s]hould the Court follow its reasoning in

Respondents note that under the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), Section 1226(c) was amended to require mandatory detention of any noncitizen who:

> (i)  is inadmissible [under certain provisions of the INA]; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any **burglary**, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]

Id. (citing 8 U.S.C. § 1226(c)(1)(E)) (emphasis added by Respondents). Respondents assert that because Petitioner was charged with breaking and entering, his detention falls squarely within this provision. Id.

The terms "burglary," "theft," "larceny," "shoplifting," "assault of a law enforcement officer," and "serious bodily injury" are defined with respect to the jurisdiction in which the act occurred. Id. § 1226(c)(2). Burglary under Massachusetts has as a necessary element "break[ing] and enter[ing] a dwelling house." Mass. Gen. Laws ch. 266, § 14 (Burglary; armed; assault on occupants); ch. 266, § 15 (Burglary; unarmed) (emphasis added). Petitioner was not charged with breaking and entering a dwelling house where he was charged with Breaking and Entering at Night, Mass. Gen. Laws ch. 266, § 16, which involves "break[ing] and enter[ing] a building, ship, vessel or vehicle[.]" Therefore, 8 U.S.C. § 1226(c) does not apply to the Massachusetts crime with which Petitioner was charged and nothing in the record indicates that Petitioner was detained under any statutory authority other than 8 U.S.C. § 1226(a).

Accordingly, the Petition [Doc. No. 1] is GRANTED as follows: No later than June 8, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir.

---

Doe . . ., it would reach the same result here." Id. The court finds that the reasoning in Doe v. Moniz remains correct. 800 F. Supp. 3d 203 (D. Mass 2025).

2

2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner's release would currently pose a danger or flight risk. Respondents shall submit a status report on this matter no later than June 17, 2026.

IT IS SO ORDERED.

June 4, 2026

/s/ Indira Talwani
United States District Judge